The CouRT delivered its decree on the 17th Novem-her, 1810, as follows :
The substance of this case is comprised in a few words. Kinder Mason having a demand on bond against K. & P. Smith, sent a power of attorney to the late Mr. Spencer Man, to recover, receive and remit the same. A judgment was obtained thereon, and various payments were made to Mr. Man, part of which were carried into the funds of Man & Foltz, and some remittances were made to Mr. Kinder Mason.
On his death-bed, Mr. Man, feeling distressed that he had not remitted all the money which he had received far his principal, Mr. Mason, expressed a strong desire that it should be paid; considering it, as he very feel-, ingly called it, a sacred debt.
Mr. Bulkley holds a judgment against Mr. Man; and Mr. Man’s estate, it is said, will be sufficient to pay this debt, if the debt to Mr. K. Mason be not construed to be ajudgment debt — but not otherwise.
Several questions were made at the opening of this cause, but it was agreed by the counsel that the consideration and decision of them could not properly take place in the present situatiou of the case. The argument, therefore, was confined strictly to the question, whether the money received by Mr, Man, on the judg *122 ment debt; of 11. Sc P. Smith to Mr. K. Mason, should be considered a judgment or a simple contract debt ?
There cannot be any "doubt that the general rule is, that age-nts receiving money and not paying it over to their principals, on judgments or bonds, are liable mere-as si,HP^c contract debtors, and not as judgment or •specialty -debtors. And indeed the decided cases, as well as the elementary writers, say that trustees receiving money, and committing a breach of trust, are liable only as simple contract debtors.
But it lias been contended that two decisions in this •country have settled this point, and that stare decisis is a maxim of judicial wisdom,'of great importance to the security of property and the sound administration of justice; and that this maxim should have peculiar obligation on a,judge sitting singly.
T am very sensible of the value of that maxim, and I •hope it will ever so influence my conduct as to prevent •my rashly disturbing settled doctrines. I shall therefore be unwilling, sitting alone, to shake the authority of those cases, where they have a direct and clear application. But I confess that -I do not feel inclined to extend the principle, contained -in the cases referred to, which, if pressed to an extreme, would be introductory of very great mischiefs.
On examining those cases, the devisees and legatees ■of Tho. Gadsdon vs. the executors of Andrew Lord, and of Dr. Buist, administrator of Somers vs. the executors of Perry, the executor of Somers, it does not appear to me that the Court intended to lay it down as a principle that in all cases where executors have received and misapplied money of their testator, due on judgment or bond, that they should be liable as judgment and bond debtors. The question does not appear to have arisen solely between conflicting creditors ; and if it had, it seems to me that the Court -acted on the peculiar circumstances of those cases.
In another case, that of M’Cauley, executor of Wells, vs. the assignees of M’Farlane and Player, the Court *123 refused to apply the principle contended for, though there wore some peculiar and urgent circumstances to have induced the application of it, if it had been intended by the Court to have adopted the principle as- a gene-I’al one.
The case of the commissioners of public accounts vs. Róse, Tunno and Alexander Moultrie, turned upon other principles entirely. It was very.propesly remarked by the counsel for the defendants, that in the cases of Gadsden, and the executors of Lord, and the executor of Perry, the executors had not received the money pursuant to the powers vested in them and for the benefit of the estates under their charge, but had balled in good-securities, unnecessarily, and misapplied the money j whereas, in the case under consideration, the sole object of the power given to Mr.. Man was to recover and receive the money, and afterwards to remit it. He did: receive the money but did not .remit it,, and I think that pis estate is liable only as inordinary cases of agencies, for-1 l’eally cannot discern any peculiar circumstances in this caseto take it out of the course of common agencies.
Much stress was laid upon the solemn declaration of Man, in his last illness, that he ponsidered tins to he a sacred debt; hut I do not think that declaration can alter the nature of the transaction, or give a higher character to the demand on his estate. The law interposed at his death, and fixed the rights and priorities of the parties.
If the Court should be inclined to extend the principle contended for, to all cases of executors and administrators, (which I do not think it would be,) still there is a distinction between the case of executors and of mere agents. Executors arc certainly more immediately and exclusively under the control of this Cqurt. They act generally on estates where widows and children are interested, who are seldom able to watch over their conduct and to call them to account for many years, and who are more peculiarly the objects of the care of this Court. Whereas agents arc appointed by, and act for. *124 principals, who are generally able and willing to act V%ilan^y for themselves, to watch over the conduct of their agents, and to change them when dissatisfied with their conduct.,
The counsel have not been able to produce a sin vie , , . . case, whex*e agents, receiving money tor their principals, on judgments or specialties, have been decreed to be debtors on judgment or specialty.
The current of authorities is the other way, and this policy has been pursued in the other states ; for, in the case of Garthright vs. Marshall, executor of Rind, decided in the High Court of Appeals, in Virginia, (see 1 Henning & Munford’s Reports, p. 427) the Court decided, on appeal, that a debt due from an attorney to his client, collected on a judgment, is only a debt by simple contract.
Upon the whole I do not feel myself warranted, either on principle or on the authority of decided cases, to say that in a case of mere agency, where the agent receives money under his power of attorney, even on a judgment or specialty, and does not pay over the same, and then dies in bad circumstances, that the principal can come in upon his estate as a judgment or specialty creditor.
It is ordered and decreed, that it bo referred to the master to examine and report what is due by the estate of Spencer Man, deceased, to the executors of Kinder Mason $ and that the same, when ascertained, be deemed and taken to be a simple contract debt, due by the estate of S. Man to the executors of K. Mason.
There was no appeal from this decree.